### IN THE

## SUPREME COURT

### OF THE

## STATE OF LOUISIANA.

◆—

EASTERN DISTRICT, MAY TERM, 1828.

◆

*SEMPLE & AL.* vs. *BUHLER.*

Eastern Dist. | 6ns665
May, 1828. | d108 186
| e108 187

APPEAL from the court of the third district.

MATHEWS, J. delivered the opinion of the court. This is an action against a sheriff, in which reparation is claimed from him on account of damages which the plaintiffs allege they have suffered in consequence of the negligence or malfeasance of the officer in relation to proceedings on an execution against one of their debtors. The case was before the court in February term, and by a decision then made all the points in the cause were settled, and we

*An action against a sheriff, for taking an insufficient bond, is barred by the prescription of a year.*

believe, all correctly, except one, viz. that relating to the prescription of one year, pleaded by the defendant for the first time in the appellate court. This plea was not placed amongst the papers when they were handed to the judges for examination, and was consequently neglected or very slightly investigated.

The right of defendants to avail themselves of pleas of prescription even on appeals, is clearly recognised by the art. 902 of our code of practice; and a plea of this kind having (as it now appears) been regularly filed in the present case, it only remains to test its legal form and validity.

The suit was commenced on the 25th of June, 1827. The mal-feasance of the sheriff as alleged in the petition, is his conduct in taking the wife of the debtor as surety on a twelve months bond, which happened on the 27th day of November in the year 1823. Execution was issued on the bond against the husband and wife, the latter as security, who obtained an injunction to stay all proceedings on the suit, and this injunction was made perpetual by a decree of the district court of the second judicial district, holden for the parish of Ascension, on the 19th of May, 1825. By this

decree the plaintiffs were deprived of their recourse against the surety on the bond, the instrument being with regard to her void *ab initio.*

According to these facts, it is unnecessary to determine whether the liability of the officers commenced at the time of taking the bond, or the time when the surety availed herself of the protection accorded by law in favor of women; for more than one year had elapsed since the last period before the commencement of the present action.

Previous to the adoption of the Lou. code, it is believed that the short prescription of one year would not have barred a suit for remuneration on account of damages caused by malfeasance or neglect in a ministerial officer, by deviating from his duties as prescribed by law; although such conduct might come within the definition of quasi offence.

In relation to the time necessary to prescribe against actions, the first digest of our laws or civil code made few or no changes in the rules ordained by the Spanish laws. The Louisiana code which was promulgated and obtained the force of law in the months of May or June 1825, fixes with considerable precision

the duration of the different periods of time ne-
cessary to acquire or lose right by prescription.
By the 3501 article, actions for damages re-
sulting from offences or quasi-offences are lim-
ited to one year from the time such damages
were sustained.   This rule must operate on all
claims or causes of action which existed in fa-
vor of any person at the time the law was pro-
mulgated, as well as such as may have arisen
in consequence of offences or quasi-offen-
ces, when the party suffering injury or sustain-
ing damage has neglected to institute a suit
before the expiration of the year.   According
to the facts as extracted from the record, and
above stated, it is clear that the present action
was not commenced until more than one year
had elapsed since the damage complained of
had been sustained by the alleged negligence
or misconduct of the sheriff; and this is the re-
sult, whether the time be computed from the
day of taking the bond, or that on which the
plaintiffs were finally enjoined from enforcing
its obligation.   The only question which re-
mains to be examined is whether negligence
and malfeasance of public officers come with-
in the legal definition of a quasi offence.—
The definition of offences and quasi offences is

found in the articles 2294 and 2295 of the

code; and it most clearly embraces the conduct attributed to the officer in the present instance, as coming under the latter term. On this head see also *Toul. vol.* 11, *p.* 156 *and* 157. The law makes no distinction in this respect between public ministerial officers and private individuals; and we ought not to distinguish; and were we at liberty so to do, it would be difficult to find any good reason for imposing a heavier responsibility on a public, than on a private agent.

From this view of the case it is evident that the judgment of the district court must be reversed and the plea of prescription for the present be sustained.

It is not for us to question the wisdom of our law makers, but we deem it not improper to express our opinion, that the law as it stood in relation to actions for the recovery of reparation for damages occasioned by quasi offences, as it regards prescription, was more consistent than the new regulations. Perhaps under the old law the length of time was too great. But it is not easy to discover why a less occasioned to an individual by the negligence or malfeasance of another should be

prescribed against by a shorter period than that which is allowed to enforce a promise to pay money or give some specific article. What can be the difference to the sufferer, whether he has lost by the negligence or unskillfulness of his fellow-citizen, or failure of the latter to comply with some promise legally made by which the former may be enriched *pro tanto.* Damages and losses of the kind now under consideration would have been more properly regulated by the new prescriptions of three or five years.

The law is, however, different, the indulgence granted by the code of practice to plead prescription on the appeal, (whether correct or not we do not pretend to say,) renders it obligatory on us to reverse the judgment of the district court, and send the cause back for a new trial, in order that the plaintiffs may avail themselves of any evidence in their power to shew an interruption of the prescription here pleaded by the defendant.

*Preston* for the plaintiff, *Watts and Lobdell* for the defendant.